IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-071-RLV-DCK

| | |
|---|---|
| GENESIS ELDERCARE REHABILITATION SERVICES, INC., d/b/a GENESIS REHABILITATION SERVICES; and RESPIRATORY HEALTH SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHTIQUE WINSTON SALEM, LLC, d/b/a WINSTON SALEM NURSING AND REHABILITATION, et al., <br><br> Defendants. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Renewed Motion To Stay" (Document No. 10) filed July 12, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

Plaintiffs filed their "Complaint" (Document No. 1) in this action on May 3, 2013. It appears that Defendants were served with a Summons and a copy of the Complaint on May 9, 2013. (Document Nos. 6, 7). As such, Defendants' Answer(s) were due on May 30, 2013. To date, Defendants have failed to file an Answer, or otherwise respond to the Complaint, or to appear in this lawsuit.

On July 1, 2013, "Plaintiffs' Motion To Stay" (Document No. 8) was filed requesting that the Court "stay this action and hold it in abeyance pending completion of the settlement arrangement between the parties." Plaintiffs suggest that this action should be stayed until at

least December 15, 2014, when they would "file either a notice of dismissal with prejudice or a report on the status of the settlement arrangement." (Document No. 8). In the alternative, Plaintiffs requested that this matter be dismissed without prejudice. Id. On July 2, 2013, the undersigned denied "Plaintiffs' Motion To Stay" (Document No. 8) without prejudice. (Document No. 9).

"Plaintiffs' Renewed Motion To Stay" (Document No. 10) was filed on July 12, 2013. The renewed motion asserts that a stay is preferred over dismissal because *if* there is a Settlement Default, Plaintiffs "would be able to move for the Court's intervention to enforce the terms of the settlement agreement at minimal ultimate cost to Defendants."[1] (Document No. 10, p.2). Plaintiffs further request that if the Court determines that "it is more appropriate to dismiss this matter without prejudice pursuant to Fed.R.Civ.P. 41(a)(2)," that the Court "expressly make the parties compliance with the terms of the Agreement a term of the order of dismissal, and that the Court expressly retain jurisdiction to enforce the Agreement." Id.

Under the circumstances, the undersigned is not persuaded that there is good cause to stay this action, particularly at this stage of the litigation, for at least seventeen (17) months. Moreover, the undersigned will decline to recommend that the Court attach any "terms" to a dismissal of this matter. However, if as Plaintiffs contend, Defendants have entered into a binding Settlement Agreement related to the "Complaint" (Document No. 1) and they somehow breach that Settlement Agreement, the undersigned is unaware of any reason that Plaintiffs should not be allowed to seek enforcement of such Settlement Agreement with this Court.

---

[1] Apparently, the parties executed a "Settlement And Forbearance Agreement" (Document No. 10-1) ("Settlement Agreement") on or about June 14, 2013.

2

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Renewed Motion To Stay" (Document No. 10) be **DENIED** in part and **GRANTED** in part as follows: the request for a **STAY** should be **DENIED**, and the alternative request to **DISMISS WITHOUT PREJUDICE** should be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED.**

Signed: July 15, 2013

David C. Keesler
United States Magistrate Judge